DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Dorothy D. and Christopher D., each appeal from the judgment of the Summit County Court of Common Pleas, Juvenile Division, that terminated their parental rights and placed E.T., C.D., and Cr.D. in the permanent custody of Summit County Children Services Board ("CSB"). This Court reverses.
 {¶ 2} Dorothy is the mother of E.T., born May 6, 1997; C.D., born July 19, 2002; and Cr.D. born April 14, 2004. Christopher was found to be the biological father of C.D. based on genetic testing, and was presumed to be the father of Cr.D. by virtue of his marriage to Dorothy. See R.C.3111.03(A)(1). Another man, Terrell Cook, was alleged to be the biological father of E.T. Cook did not participate in the permanent custody hearing below and is not a party to the present appeal.
 {¶ 3} In October 2003, Christopher learned that E.T. had misbehaved in school. Christopher reportedly told Dorothy that he intended to spank E.T. because of the child's behavior. Dorothy left the home to take a walk, claiming that she had a migraine headache. Later that day, E.T. complained of pain in her legs and Dorothy observed welts on the child. Dorothy sent the child to school the next day, where school officials noticed bruises on her and contacted CSB. Based on this incident, E.T. and C.D. were removed from the home by the Akron police pursuant to Juv.R. 6.
 {¶ 4} CSB filed a complaint on October 27, 2003, alleging that E.T. was abused, neglected, dependent and endangered, and also alleging that C.D. was dependent. Following a hearing, both children were placed in emergency temporary custody and the matter proceeded to adjudication. On December 12, 2003, the trial court found E.T. to be abused, neglected, and dependent, and found C.D. to be dependent. On January 14, 2004, Dorothy and Christopher agreed to a dispositional order placing the children in the temporary custody of CSB and to the adoption of the case plan.
 {¶ 5} The third child, Cr.D., was born on April 14, 2004, and was removed from her parents' care two days later. On May 12, 2004, Cr.D. was adjudicated to be a dependent child, and on June 10, 2004, she was placed in the temporary custody of CSB.
 {¶ 6} On September 8, 2004, CSB moved for permanent custody of all three children. Thereafter, Dorothy and Christopher jointly moved for a six-month extension of temporary custody. A lengthy hearing on both motions took place over five days in March and April 2005. On May 2, 2005, the trial court denied the motion for extension of time, and granted CSB's motion for permanent custody, terminating the parental rights of Dorothy, Christopher, and Cook. This appeal followed.
 {¶ 7} Appellants have each assigned five errors for review, including challenges to the denial of their motion for a six-month extension of temporary custody and assertions that R.C. 2151.414(B)(1)(d) was relied upon in error. We initially address these issues, the first and third assignments of error for each appellant, because we find them to be dispositive of the present appeal.
 DOROTHY'S ASSIGNMENT OF ERROR I
"The trial court erred as a matter of law in its determination that E.T. and C.D. had been in the custody of CSB for more than 12 months of a consecutive 22 month period as the trial court incorrectly included the time between the filing of the motion for permanent custody and the time of the permanent custody hearing to satisfy the requisite 12 months (sic) period of temporary custody set forth in R.C. 2151.414(B)(1)(d)."
 CHRISTOPHER'S ASSIGNMENT OF ERROR I
"The trial court erred as a matter of law in finding that the state presented clear and convincing evidence E.T. and C.D. had been in the temporary custody of SCCSB for twelve of the prior twenty-two months[.]"
 DOROTHY'S ASSIGNMENT OF ERROR II
"The trial court's decision terminating appellant-mother's parental rights was not supported by clear and convincing evidence and was against the manifest weight of the evidence."
 CHRISTOPHER'S ASSIGNMENT OF ERROR II
"The trial court's decision terminating appellant-father's parental rights was not supported by clear and convincing evidence and was against the manifest weight of the evidence."
 DOROTHY'S ASSIGNMENT OF ERROR III
"The trial court's decision denying the motion for six month extension of temporary custody was not supported by clear and convincing evidence and was against the manifest weight of the evidence."
 CHRISTOPHER'S ASSIGNMENT OF ERROR III
"The trial court's decision denying appellant-father's motion for six month extension of temporary custody was not supported by clear and convincing evidence and was against the manifest weight of the evidence."
 DOROTHY'S ASSIGNMENT OF ERROR IV
"The trial court erred in granting permanent custody and in denying [appellant-mother's] motion to vacate prior findings of reasonable efforts where CSB failed to use reasonable efforts to reunite [appellant-mother] and her children."
 CHRISTOPHER'S ASSIGNMENT OF ERROR IV
"The trial court erred in granting permanent custody and in denying appellant-father's motion to vacate prior findings of reasonable efforts where CSB failed to use reasonable efforts to reunite appellant-father and his minor children."
 DOROTHY'S ASSIGNMENT OF ERROR V
"[Appellant-mother] was prejudiced by ineffective assistance of counsel."
 CHRISTOPHER'S ASSIGNMENT OF ERROR V
"Appellant-father was prejudiced by ineffective assistance of counsel[.]"
 {¶ 8} We first consider the assertions by both Appellants, that the trial court erred in denying their motion for a six-month extension of temporary custody, along with the claim that the trial court relied erroneously on R.C. 2151.414(B)(1)(d) in reaching its decision. We find merit in the argument of Appellants to the extent that the trial court relied on an incorrect factual predicate when it considered the evidence before it.
 {¶ 9} The trial court had the discretion, consistent with the best interests of the children, to determine whether to grant Appellants' motion for a six-month extension of temporary custody. See R.C.2151.415(D)(1). See, also, In re T.W., C.W., F.W., R.W., 9th Dist. No. 21594, 2003-Ohio-7185, at ¶ 6. An appellate court will not reverse such decisions absent an abuse of discretion. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 218. The term abuse of discretion connotes not merely an error of judgment, but rather that the court's attitude is unreasonable, arbitrary, or unconscionable. Id. at 219.
 {¶ 10} In weighing a motion for an extension of temporary custody, the trial court was necessarily obligated to measure the progress of Dorothy and Christopher towards reunification with their children. Inherent in that process is proper consideration of the length of time that Dorothy and Christopher have been working towards the reunification of the family. In this case, the trial court erroneously found that E.T. and C.D. had been in the temporary custody of the agency for more than 12 of the previous 22 months when CSB's motion for permanent custody was filed. This finding reflected an error in calculation. While the trial court correctly stated the legal principle that permanent custody is measured to the time when the motion for permanent custody is filed, the court calculated the time incorrectly. The children had actually been in the temporary custody of CSB for only nine months when the motion for permanent custody was filed. See R.C. 2151.414(B)(1)(d) and In re C.W.,104 Ohio St.3d 163, 2004-Ohio-6411, at ¶ 26. In other words, pursuant to relevant Ohio law, E.T. and C.D. had been in the temporary custody of CSB from December 24, 2003 (60 days after the children were removed from the home) until September 8, 2004 (the day the motion for permanent custody was filed), a matter of less than nine months. See id.
 {¶ 11} A motion for an extension of time cannot have been accorded proper consideration when the trial court's decision is plainly grounded on a misunderstanding of the length of time Dorothy and Christopher had been able to pursue reunification. Therefore, because the trial court relied on a clearly erroneous fact in reaching the decision to deny the motion for a six-month extension of temporary custody, the discretion utilized in reaching that decision is indelibly tainted and the decision itself is rendered unreasonable and arbitrary.
 {¶ 12} The error in calculation is all the more significant in the present case because the trial court also relied upon this faulty conclusion in determining that the first prong of the permanent custody test was satisfied as to E.T. and C.D. See R.C. 2151.414(B)(1)(d). In its journal entry, the trial court provided no additional finding that might provide alternative satisfaction of that portion of the permanent custody test. While the trial court did make a separate finding in satisfaction of the first portion of the permanent custody test in regard to the third child, Cr.D.,[1] it is apparent that the trial court did not apply this finding to E.T. or C.D.
 {¶ 13} On appeal, CSB concedes that the trial court erroneously relied on R.C. 2151.414(B)(1)(d) in satisfaction of the first prong of the permanent custody test in regard to E.T. and C.D., but contends that the error is harmless. CSB urges this Court to apply the finding the trial court made in regard to the third child, Cr.D., to the two older children. We conclude that to do so would be error on our part.
 {¶ 14} In support of its position, CSB refers this Court to two cases: In re Pittman, 9th Dist. No. 20894, 2002-Ohio-2208, and In reNibert, 4th Dist. No. 03CA19, 2004-Ohio-429. We find that neither of these cases supports the result urged by CSB. Pittman held that the error, if any, in finding that the children services board was not required to make reasonable efforts towards reunification was harmless because all statutorily required reasonable efforts findings had been made by the trial court during the course of the case. Pittman, at ¶ 15. Nibert applied the harmless error doctrine to the trial court's erroneous reliance on one "E factor," where the trial court had also made a proper and fully supportable finding on another "E factor." See R.C.2151.414(E). Thus, neither case establishes that this Court can make a finding pursuant to R.C. 2151.414(E) that was not made in the first instance by the trial court.
 {¶ 15} In the present case, there is no valid determination by the trial court regarding E.T. and C.D. on the first prong of the permanent custody statutory test. The trial court's "12 of 22" determination is erroneous and the trial court made no additional finding as to E.T. and C.D. that might alternatively satisfy this statutory requirement. Therefore, this Court is being asked to make a factual finding in the first instance. Such a ruling would exceed our jurisdiction as an appellate court. See Section 3(B)(2), Article IV, Ohio Constitution. The prescribed role of this Court is to review judgments or final orders previously made by the trial court, and to affirm, modify, or reverse them. Id. Even when this Court must examine the record, it does so with a different focus than the trial court. See Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 360. Our review of the record in this case does not permit us to enter a determination not considered in the first instance by the trial court. See id.
 {¶ 16} The first and third assignments of error by each Appellant are well taken to the extent that the trial court relied upon an incorrect factual predicate in denying the motion for extension of temporary custody and in relying on R.C. 2151.414(B)(1)(d). The remaining assignments of error are rendered moot. See App.R. 12(A)(1)(c). The judgment of the Summit County Court of Common Pleas, Juvenile Division, is reversed and the cause is remanded for further proceedings.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Whitmore, J., Carr, J., concur.
[1] The trial court found that Cr.D. could not be placed with either parent within a reasonable time or should not be placed with either parent, pursuant to R.C. 2151.414(B)(1)(a).