DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, the natural mother of C.M., born March 31, 2005, appeals the decision of the Summit County Court of Common Pleas, Juvenile Division, overruling her objections to the magistrate's decision adjudicating C.M. as a dependent child. We affirm the decision of the lower court.
 {¶ 2} On April 1, 2005, a complaint was filed with the Summit County Juvenile Court seeking to have C.M. declared a dependant child. Additionally, a motion was filed by the Summit County Children Services Board (CSB) seeking an emergency order of custody. The motion for emergency custody was granted on the same day.
 {¶ 3} A hearing on the issue of whether C.M. was a dependent child was held on June 16, 2005, and pursuant to a judgment entry dated June 21, 2005, C.M. was adjudicated dependent. Appellant filed an objection to the magistrate's decision on July 7, 2005. By judgment entry dated October 17, 2005, the trial court overruled Appellant's objections to the magistrate's decision and issued an order adjudicating C.M. a dependent child pursuant to R.C. 2151.04. Appellant now appeals, asserting one assignment of error for our review.
 ASSIGNMENT OF ERROR
"The trial court erred when it found there was sufficient evidence presented at the adjudicatory hearing to find the child in this case to be a dependent child which decision was against the manifest weight of the evidence and based upon insufficient evidence as a matter of law."
 {¶ 4} In her only assignment of error, Appellant argues that the adjudication of CM as a dependent child was based on insufficient evidence and against the manifest weight of the evidence.
 {¶ 5} In determining whether a judgment of a juvenile court is against the manifest weight of the evidence, this Court applies the same standard of review as that in the criminal context. In re R.S., 9th Dist. No. 21177, 2003-Ohio-1594, at ¶ 10. Therefore, in determining whether a juvenile adjudication is against the manifest weight of the evidence:
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
 {¶ 6} This court may only invoke the power to reverse based on manifest weight in extraordinary circumstances where the evidence presented weighs heavily in favor of an appellant. Id. Absent extreme circumstances, an appellate court will not second-guess determinations of weight and credibility. SykesConstr. Co. v. Martell (Jan. 8, 1992), 9th Dist. Nos. 15034 and 15038, at 5-6. While sufficiency of the evidence and manifest weight of the evidence are legally distinct issues, we note that a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency. Cuyahoga Falls v. Scupholm (Dec. 13, 2000), 9th Dist. Nos. 19734 and 19735, at 5.
 {¶ 7} A juvenile court's decision will be upheld absent an abuse of discretion. In re Pieper Children (1993),85 Ohio App.3d 318, 330. Abuse of discretion connotes more than an error of law or judgment as it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. In re Jane Doe 1
(1991), 57 Ohio St.3d 135, 137, citing State v. Adams (1980),62 Ohio St.2d 151, 157.
 {¶ 8} The juvenile court overruled Appellant's objections to the magistrate's determination that C.M. was a dependent child, and found that, pursuant to R.C. 2151.04, C.M. was indeed dependent. R.C. 2151.04(D) provides that a "dependent child" is any child:
"(D) To whom both of the following apply:
"(1) The child is residing in a household in which a parent, guardian, custodian, or other member of the household committed an act that was the basis for an adjudication that a sibling of the child or any other child who resides in the household is an abused, neglected, or dependent child.
"(2) Because of the circumstances surrounding the abuse, neglect, or dependency of the sibling or other child and the other conditions in the household of the child, the child is in danger of being abused or neglected by that parent, guardian, custodian, or member of the household."
 {¶ 9} An adjudication of dependency must be supported by clear and convincing evidence. Juv.R. 29(E)(4). Clear and convincing evidence is such evidence which will produce in the mind of the trier of fact a firm belief or conviction as to the conclusion to be drawn. In re Adoption of Holcomb (1985),18 Ohio St.3d 361, 368.
 {¶ 10} In this case, there was no dispute that Appellant's three other children were in the temporary custody of CSB at the time of the hearing, and have been since September, 2004. Nor was there any dispute that C.M.'s three siblings had been adjudicated abused, neglected and dependent by judgment entry and order dated November 23, 2004.
 {¶ 11} There was sufficient evidence to establish that C.M., if returned to Appellant, would be residing in a household in which Appellant committed acts which were the bases for adjudications that the siblings of C.M. were abused, neglected, and dependent. Therefore, the State presented sufficient evidence to allow the trial court to find by clear and convincing evidence that the elements of R.C. 2151.04(D)(1) were met.
 {¶ 12} The circumstances surrounding the abuse, neglect, and dependency of C.M.'s siblings included substance abuse concerns on behalf of Appellant, lack of income and possible lack of housing, mental health issues on behalf of Appellant and two of C.M.'s siblings, (there was a concern about having the children's needs met while they were with Appellant), and the fact that Appellant continued to use inappropriate caregivers for the children; she had used sex offenders and "individuals with histories of substance abuse" as caregivers in the past.
 {¶ 13} C.M.'s three siblings had been left in the care of Danny Hamby, a sex offender with an outstanding warrant for his arrest. In fact, Hamby had been ordered not to be around small children at any time. On the day that Hamby was with Appellant's three children, they were in a car, and a police officer tried to stop Hamby, who was driving. Hamby, rather than yield to the officer's commands, "tried to evade the officer by running a red light, speeding, and weaving in and out of traffic." After noticing that there were three children in the car, Officer James Dawson stopped the chase. Officer Dawson discovered that the car was owned by Appellant, and proceeded to the address listed with the Bureau of Motor Vehicles. When he arrived at the address, he found the vehicle, and noticed Akron police officers chasing a man on foot. The man was later arrested and identified as Danny Hamby.
 {¶ 14} Danny Hamby is the alleged father of C.M., and as mentioned above, he is a registered sex offender. At the time of the hearing he was incarcerated at Marion Correctional Institution. Perry Robert Cartwright, the father of one of C.M.'s siblings, also pled guilty to gross sexual imposition and was sentenced to serve time in jail. Appellant's current boyfriend, with whom she lives, has a history of domestic violence and a criminal background. Appellant's choice of caretakers was part of the reason that C.M.'s siblings had been adjudicated dependent.
 {¶ 15} Additionally, there had been concerns regarding substance abuse by Appellant, and in fact, she had had a positive screen for cocaine on January 7, 2005, while she was pregnant with C.M.C.M. "has had some tremors and projectile vomiting," which "conditions may well have been caused by prenatal substance abuse by the mother." Karen Annis, the caseworker for C.M. stated that Appellant "has a history of substance abuse and was residing in a home where drugs were found by police." Ms. Annis stated that she "requested that [Appellant] do three drug tests a week[, and as of the date of the hearing she] ha[d] not received any drug tests."
 {¶ 16} Regarding the housing, Appellant had been evicted from her residence for non-payment of rent. She moved into a new place, and on March 2, 2005, received notice of eviction from that residence as well. At that time, which was just weeks prior to C.M.'s birth, she had no alternative plans for housing and no source of income, according to the caseworker. Appellant found new housing in April, and then also moved from that place. As of the date of the hearing, Appellant was living with her new paramour and his mother at the mother's residence. The current boyfriend, Doug Boyd, has a history of domestic violence and a criminal background.
 {¶ 17} Further, Appellant "has a history of depression and some suicidal thoughts." Pursuant to the testimony of the visitation supervisor, the magistrate found that Appellant "is not nurturing at visits" [with C.M.]. The Magistrate reported that Appellant "slept during visits. She threatened suicide at a visit, [and] has exhibited hygiene issues."
 {¶ 18} Under aforementioned circumstances, this Court cannot find that the trial court's adjudication of C.M. as a dependent child was against the manifest weight of the evidence. Appellant's assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Moore, J. Boyle, J. concur.