DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Jeannette M., appeals from the judgment of the Summit County Court of Common Pleas, Juvenile Division, that terminated her parental rights to three minor children, and placed them in the permanent custody of Children Services Board ("CSB"). This Court reverses.
 I. {¶ 2} Appellant is the mother of J.M, born February 13, 1997; Z.C., born June 24, 1998; and A.C., born February 2, 2004. None of the men alleged to be fathers of these children has appealed. Appellant is also the mother of a fourth child, C.M., born March 31, 2005, whose custody is not at issue in this action.
 {¶ 3} J.M., Z.C. and A.C. were removed from their home by the Akron police pursuant to Juv.R. 6 on September 4, 2004. Thereafter, CSB filed complaints as to each child, alleging that they were abused, neglected, dependent, and endangered. CSB alleged that appellant had a history of substance abuse and mental health issues, and that she frequently left her children in the care of inappropriate caregivers, specifically men with histories of drug or sexual offenses. Emergency temporary custody was granted on September 7, 2004.
 {¶ 4} On November 23, 2004, the trial court adjudicated the three children to be abused, neglected, and dependent. On December 7, 2004, temporary custody was awarded to CSB. The fourth child, C.M., was born on March 31, 2005. That child was also adjudicated dependent, and that finding was the subject of a separate appeal. See In re C.M., 9th Dist. No. 22940,2006-Ohio-1908. On July 26, 2005, CSB moved for permanent custody of all four children.
 {¶ 5} Thereafter, appellant filed several motions, alternatively seeking a six-month extension of temporary custody, a return of the children to her care, placement of the children in the legal custody of relatives or in a planned permanent living arrangement ("PPLA"), and challenging the constitutionality of R.C. 2151.414(B)(1)(d), the "12 of 22" provision. Appellant also moved to dismiss the motion for permanent custody because CSB's motion was filed within one year of "when the case arose." Finally, appellant moved to stay the proceedings because an appeal from the adjudication of C.M., the fourth child, was pending in the court of appeals. The trial court granted a stay pending appeal only as to C.M. The action proceeded as to the remaining children.
 {¶ 6} Following a hearing on all dispositive motions, the trial court entered judgment, terminating parental rights as to A.C., Z.C., and J.M., and placing the children in the permanent custody of CSB. Appellant now appeals and assigns five errors for review. Because the second and fifth assignments of error are related and dispositive, they will be addressed first.
 II. ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT THE STATE PRESENTED CLEAR AND CONVINCING EVIDENCE THAT J.M. AND Z.C. HAD BEEN IN THE TEMPORARY CUSTODY OF SCCSB FOR TWELVE OF THE PRIOR TWENTY-TWO MONTHS[.]"
 ASSIGNMENT OF ERROR V
"THE TRIAL COURT'S DECISION DENYING APPELLANT-MOTHER'S ALTERNATIVE DISPOSITIONAL MOTIONS FOR SIX MONTH EXTENSION OF TEMPORARY CUSTODY, LEGAL CUSTODY TO A RELATIVE, AND/OR PPLA WAS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE[.]"
 {¶ 7} In her second assignment of error, appellant contends that the trial court erred in finding that J.M. and Z.C., the two oldest children, had been in the temporary custody of CSB for 12-months of a consecutive 22-month period, pursuant to R.C.2151.414(B)(1)(d). In her fifth assignment of error, appellant contends that the trial court erred in denying her motion for a six-month extension of temporary custody as to all three children. In response, CSB argues that the trial court correctly found that J.M. and Z.C. had been in the temporary custody of CSB for 12 of the prior 22 months and properly denied appellant's motion for an extension of temporary custody. This Court finds merit in appellant's position.
 {¶ 8} Before a juvenile court can terminate parental rights and award permanent custody of a child to a proper moving agency, it must find clear and convincing evidence of both prongs of the permanent custody test: (1) that the child is abandoned, orphaned, has been in the temporary custody of the agency for at least 12 months of the prior 22 months, or that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent, based on an analysis under R.C.2151.414(E); and (2) that the grant of permanent custody to the agency is in the best interest of the child, based on an analysis under R.C. 2151.414(D). See R.C. 2151.414(B)(1) and2151.414(B)(2); see, also, In re William S. (1996),75 Ohio St.3d 95, 97-99.
 {¶ 9} In its judgment entry, the trial court found that the first prong of the permanent custody test was satisfied as to the two older children, J.M. and Z.C., because they had been in the temporary custody of CSB for at least 12 of the prior 22 months. See R.C. 2151.414(B)(1)(d). The trial court made no additional findings under this portion of the permanent custody test as to J.M. or Z.C. In addition, the trial court concluded that the third child, A.C., had not been in the temporary custody of CSB for 12 months, but, in satisfaction of the first prong of the permanent custody test, found that A.C. could not or should not be placed with a parent within a reasonable time. See R.C.2151.414(B)(1)(a).
 {¶ 10} In concluding that the two older children had been in custody for 12 months of a consecutive 22-month period pursuant to R.C. 2151.414(B)(1)(d), the trial court indicated that it combined the time J.M. and Z.C. spent in CSB custody during a prior case with the time they spent in CSB custody during the present case. The trial court determined that these children had been in CSB custody during a prior case from November 3, 2003 until January 30, 2004. The court also indicated that the children were placed in emergency temporary custody in the present case on September 7, 2004, and that CSB's motion for permanent custody was filed on July 26, 2005. The trial court then concluded that the children were in "the custody of [CSB] for [12] months of a consecutive [22]-month period."
 {¶ 11} R.C. 2151.414(B)(1)(d) provides that the first prong of the permanent custody test may be satisfied by a finding that a child has been in temporary custody of a proper agency "for twelve or more months of a consecutive twenty-two month period[.]" The statute explains that "a child shall be considered to have entered the temporary custody of an agency on the earlier of the date the child is adjudicated pursuant to [R.C. 2151.28] or the date that is sixty days after the removal of the child from home." Therefore, for purposes of R.C. 2151.414(B)(1), children are considered to have entered the temporary custody of an agency on the earlier of the date of the adjudication or 60 days after the removal of the children from the home.
 {¶ 12} In regard to the calculation of the time that J.M. and Z.C. spent in temporary custody during the present case, the operative beginning date is 60 days after the removal of the children from the home, or November 6, 2004.[1] The operative ending date is the day the motion for permanent custody was filed, or July 26, 2005. See In re C.W.,104 Ohio St.3d 163, 2004-Ohio-6411, at ¶ 24.
 {¶ 13} In her appeal, appellant contends that the trial court erred in concluding that the two older children had been in the temporary custody of CSB for 12 months of a consecutive 22-month period, for the purpose of satisfying the requirements of R.C.2151.414(B)(1)(d). Appellant specifically concedes and does not contest the trial court's conclusion that the period of custody in the prior case can be included in the calculation pursuant to R.C. 2151.414(B)(1)(d). Rather, appellant only asserts that the total amount of time the children spent in temporary custody during the two cases was less than that required for compliance with the statute. Specifically, appellant asserts that J.M. and Z.C. were in custody for a total of 350 days, based upon a calculation of 88 days in the prior case and 262 days in the present case, measuring from November 6, 2004 until July 26, 2005. Because 350 days is less than 12 months or 365 days, appellant argues that the trial court erred in finding satisfaction of R.C. 2151.414(B)(1)(d) as to the two older children.
 {¶ 14} CSB's position is that J.M. and Z.C. were in temporary custody for 89 days during the prior case, measuring from November 3, 2003 until January 30, 2004, and for 263 days during the present case, also measuring from November 6, 2004 until July 26, 2005. CSB asserts that the relevant total is 352 days. While the agency admits that 352 days is less than one year or 365 days, CSB points to R.C. 1.45 as providing guidance in counting months. That statute provides:
"If a number of months is to be computed by counting the months from a particular day, the period ends on the same numerical day in the concluding month as the day of the month from which the computation is begun, unless there are not that many days in the concluding month, in which case the period ends on the last day of that month."
Using this statute, CSB contends that the first period — from November 3, 2003 until January 30, 2004 — amounts to three months, and that the second period — from November 6, 2004 until July 26, 2005 — amounts to nine months. Thus, CSB reasons that the children have been in custody for a total of 12 months. This Court disagrees.
 {¶ 15} In counting months pursuant to R.C. 1.45, the statute explicitly requires computation "from a particular day" until "the same numerical day in the concluding month[.]" The first period of temporary custody began on November 3, 2003, and reached two months on January 3, 2004. There are 27 days remaining in the first period of temporary custody until January 30, 2004. Three months would not accrue until February 3, 2004.
 {¶ 16} The second period of temporary custody began on November 6, 2004, and reached eight months on July 6, 2005. There are 20 days remaining in the second period. Nine months would not be reached until August 7, 2005.
 {¶ 17} Contrary to the methodology proposed by CSB, R.C. 1.45
does not provide that a portion of a month may be counted as an entire month. Therefore, J.M. and Z.C. were in temporary custody pursuant to R.C. 2151.414(B)(1)(d) for a total of ten months and 47 days or, stated otherwise, for 352 days. This does not equate to the 12 months required by R.C. 2151.414(B)(1)(d). The trial court, therefore, lacked authority to grant permanent custody of J.M and Z.C. to CSB on the grounds of R.C. 2151.414(B)(1)(d). Inre C.W. at ¶ 24. Moreover, the trial court made no additional findings as to J.M. and Z.C. on the first prong of the permanent custody statutory test that might alternatively satisfy this requirement and provide such authority.
 {¶ 18} We also conclude that the trial court could not have accorded proper consideration to appellant's motion for a six-month extension of time in regard to all three children, as raised by appellant's fifth assignment of error, when that decision was grounded on a misunderstanding of the amount of time the children had been in temporary custody. See In re E.T., 9th Dist. No. 22720, 2005-Ohio-6087, at ¶ 11.
 {¶ 19} Appellant's second and fifth assignments of error are well taken to the extent that the trial court relied upon an incorrect factual predicate in entering a finding based on R.C.2151.414(B)(1)(d) and in denying appellant's motion for an extension of temporary custody.
 ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED IN RULING THAT R.C. 2151.141(B)(1)(d) IS CONSTITUTIONAL[.]"
 ASSIGNMENT OF ERROR III
"THE TRIAL COURT'S DECISION TERMINATING APPELLANT-MOTHER'S PARENTAL RIGHTS WAS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE[.]"
 ASSIGNMENT OF ERROR IV
"THE TRIAL COURT ERRED BY NOT GRANTING APPELLANT-MOTHER'S MOTION TO DISMISS WHERE CSB FAILED TO USE REASONABLE EFFORTS TO REUNITE APPELLANT-MOTHER AND HER MINOR CHILDREN[.]"
 {¶ 20} Because this Court's decisions regarding appellant's second and fifth assignments of error are dispositive of the issues on appeal, we decline to address the remaining assignments of error as moot. See App.R. 12(A)(1)(c).
 III. {¶ 21} Appellant's second and fifth assignments of error are sustained, and appellant's first, third, and fourth assignments of error are rendered moot. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is reversed and remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
Slaby, P.J. Moore, J. concur.
[1] We have used this date throughout this opinion as a matter of convenience because both parties and the trial court refer to September 7, 2004, as the date from which 60 days should be counted. September 7, 2004 is the day the children were placed in emergency temporary custody, and 60 days thereafter is November 6, 2004. R.C. 2151.414(B)(1) indicates that this calculation should be made from the date of "the removal of the [children] from the home." The record indicates that the children were actually removed from the home by the Akron police pursuant to Juv.R. 6 on September 4, 2004, which would cause the calculation of temporary custody pursuant to R.C. 2151.414(B)(1)(d) to begin on November 3, 2004. This adjustment would include an additional three days of temporary custody, but would not alter the result in this case.