[Cite as *In re K.T.*, 2016-Ohio-5812.]

STATE OF OHIO           )        IN THE COURT OF APPEALS
                        )ss:     NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT        )

IN RE: K.T.                              C.A. Nos.    28152
       M.G.                                           28169
       A.G.


                                         APPEAL FROM JUDGMENT
                                         ENTERED IN THE
                                         COURT OF COMMON PLEAS
                                         COUNTY OF SUMMIT, OHIO
                                         CASE Nos.    DN 13-08-0520
                                                      DN 13-08-0521
                                                      DN 13-08-0522

DECISION AND JOURNAL ENTRY

Dated: September 14, 2016

---

WHITMORE, Judge.

{¶1}     Appellants, Timothy G. and Patricia W., appeal from a judgment of the Summit County Court of Common Pleas, Juvenile Division.  This Court reverses and remands for further proceedings.

I.

{¶2}     Taylor W. ("Mother") is the biological mother of M.G., born January 4, 2009, A.G., born October 6, 2011, and K.T., born August 13, 2013.  Timothy G. ("Father G.") is the biological father of M.G. and A.G., the two oldest children.  William T. ("Father T.") is the biological father of K.T., the youngest child.  Patricia W. ("Grandmother"), the maternal grandmother of all three children, was permitted to intervene in the trial court proceedings.  Father G. and Grandmother have appealed from the judgment of the trial court.  Mother and Father T. have not appealed.

{¶3} On August 21, 2013, CSB filed complaints in juvenile court, alleging that all three children were dependent and seeking temporary custody. The complaints alleged concerns of domestic violence by all three parents, alcohol abuse by Father T., and substance abuse by Mother and Father T. On November 27, 2013, the children were adjudicated dependent and placed in the temporary custody of CSB. The trial court adopted a case plan that addressed the concerns cited in the complaints.

{¶4} CSB filed a motion for permanent custody of the children on July 8, 2014. In that motion, the agency asserted that the children could not or should not be placed with either parent within a reasonable time, referring to several factors under subsection R.C. 2151.414(E), and that permanent custody is in the best interest of the children. *See* R.C. 2151.414(B)(1)(a) and R.C. 2151.414(D)(1). Following a pretrial hearing, that motion was overruled as withdrawn. On March 10, 2015, CSB filed a new motion for permanent custody. In that motion, the agency repeated the same allegations as earlier, but also added the assertion that the children had been in the temporary custody of CSB for 12 or more months of a consecutive 22-month period. *See* R.C. 2151.414(B)(1)(d).

{¶5} The matter proceeded to hearing. In due course, the trial court granted permanent custody of the children to CSB, finding that they had been in the temporary custody of CSB for 12 or more months of a consecutive 22-month period and that permanent custody was in their best interests. Grandmother and Father G. have appealed. Grandmother assigns three errors for review and Father G. assigns one error for review. Father G.'s sole assignment of error is identical to Grandmother's first assignment of error. Because we find this issue to be dispositive, we address it first.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING PERMANENT CUSTODY UNDER R.C. 2151.414(B)(1)(d) BECAUSE THE STATE WITHDREW THE CLAIM OF THE CHILDREN BEING IN THE TEMPORARY CUSTODY OF SUMMIT COUNTY CHILDREN SERVICES FOR 12 OF THE LAST 22 MONTHS PRIOR TO TRIAL.

{¶6} Grandmother and Father G. assert that the trial court erred in relying on R.C. 2151.414(B)(1)(d), i.e. that the children had been in the temporary custody of the agency for at least 12 of 22 consecutive months, in sole support of the first prong of the permanent custody test.

{¶7} In asserting that this finding is erroneous, Grandmother and Father G. cite the fact that, at the start of the permanent custody hearing, counsel for CSB stated that the children had not, in fact, been in the temporary custody of the agency for 12 months before the agency moved for permanent custody. CSB's attorney explained that the agency would proceed to present its case on other grounds instead. At the time, the trial judge confirmed that CSB had previously made an alternative allegation that the children could not or should not be placed with either parent within a reasonable time. *See* R.C. 2151.414(B)(1)(a). With that, the hearing proceeded.

{¶8} In its order granting permanent custody to CSB, the trial court found that the children had been in the temporary custody of CSB for 12 or more months of a consecutive 22-month period, citing R.C. 2151.414(B)(1)(d). The court made no alternative finding in support of the requisite first prong of the permanent custody test. *See* R.C. 2151.414(B)(1)(a)-(e). In particular, it did not find that the children could not or should not be placed with either parent within a reasonable time. *See* R.C. 2151.414(B)(1)(a). As we have previously indicated, "[t]his Court cannot make a factual finding in the first instance because such a ruling would exceed our

jurisdiction as an appellate court." *In re E.M.*, 9th Dist. Wayne No. 14AP0030, 2015-Ohio-641, ¶ 9, citing *In re E.T.,* 9th Dist. Summit No. 22720, 2005-Ohio-6087, ¶ 15. *See also* Section 3(B)(2), Article IV, Ohio Constitution.

{¶9} On appeal, Grandmother and Father G. have asserted that the trial court's sole reliance on R.C. 2151.414(B)(1)(d), on these facts, is reversible error. The attorney for CSB has agreed and also seeks reversal and remand to the trial court for further proceedings.

{¶10} This Court sustains Grandmother's first assignment of error and Father G.'s sole assignment of error. Grandmother's second and third assignments of error are rendered moot. *See* App.R. 12(A)(1)(c).

### III.

{¶11} Grandmother's first assignment of error and Father G.'s assignment of error are sustained. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is reversed and the cause is remanded for further proceedings.

Judgment reversed
and cause remanded.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee CSB.

_____
BETH WHITMORE
FOR THE COURT

MOORE, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

DENISE E. FERGUSON, Attorney at Law, for Appellant.

GREGORY A. PRICE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.

NEIL AGARWAL, Attorney at Law, for Appellee.

BRENDON KOHRS, Attorney at Law, for Appellee.

TONY PAXTON, Attorney at Law, for Appellee.

EMILY DURWAY, Attorney at Law, for Appellee.

LINDA BENNETT, Guardian ad Litem.