[Cite as *In re P.T.*, 2012-Ohio-1287.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| | JUDGES:
Hon. Sheila G. Farmer, P. J.
IN THE MATTER OF: | Hon. John W. Wise, J.
| Hon. Julie A. Edwards, J.
P.T. | Case No. 2011 CA 00200
| O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Juvenile Division, Case No. 2011 JCV 00772 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | March 19, 2012 |

APPEARANCES:

| For Appellant | For Appellee |
|---|---|
| THOMAS A. MCCORMACK
SUPERIOR BUILDING SUITE 1915
815 Superior Avenue East
Cleveland, Ohio 44114 | DAVID TRUEX
PRO SE
231 Plum Street North
East Canton, Ohio 44730 |

*Wise, J.*

{¶1}    Appellant Dawn Truex appeals the decision of the Stark County Court of Common Pleas, Juvenile Division, which dismissed her complaint alleging dependency and neglect regarding her minor daughter, P.T. Appellee David Truex is the child's father and her present residential parent and custodian. The relevant facts leading to this appeal are as follows.

{¶2}    Appellant Dawn Truex and Appellee David Truex are the divorced parents of the child P.T., who was born in July 2002.

{¶3}    On June 3, 2011, Appellant Dawn Truex, with the assistance of counsel, filed a complaint in the Stark County Court of Common Pleas, Juvenile Division, captioned as an "Attested Complaint in Neglect and Dependency." The complaint stated, inter alia, that P.T. had been residing with Appellee David Truex as per court orders and a shared parenting plan from 2007 in the Stark County Domestic Relations Court. The complaint also alleged that P.T. was described as appearing emaciated and emotionally withdrawn at her last doctor visit in March 2011. The Stark County Department of Job and Family Services ("SCDJFS") was not named as a party on said complaint.

{¶4}    On June 7, 2011, prior to any scheduled court hearings or appearances, a magistrate reviewed the file via a "non-oral hearing" and determined that the complaint should be dismissed. The magistrate noted that the parties had been involved in a number of post-decree motions in the Domestic Relations Court, and that said court had the appropriate jurisdiction for issues involving P.T. The magistrate added: "If the parties have concerns regarding dependency/neglect/abuse, they may make

appropriate referrals to the Department of Jobs [sic] and Family Services." See Magistrate's Decision, filed June 8, 2011.

{¶5} On June 22, 2011, appellant filed an objection to the decision of the magistrate, pursuant to Civ.R. 53. A hearing on the objection was scheduled for July 6, 2011. However, on that date, the trial court, via a visiting judge, determined that appellee had not been properly notified of the objection hearing. The objection was reset for a new hearing on August 15, 2011.

{¶6} On August 10, 2011, five days before the rescheduled objection hearing, appellant, via counsel, filed a motion to continue. The motion stated in pertinent part that appellant's counsel had never received a copy of the judgment entry resetting the objection hearing for August 15, 2011, and that counsel had "a previous commitment to a client meeting on that date, which he cannot change on short notice."

{¶7} Nonetheless, on August 15, 2011, the trial court, via a second visiting judge, issued a judgment entry stating that nobody had appeared on that date and that the objection was accordingly dismissed.

{¶8} On September 14, 2011, appellant filed a notice of appeal. She herein raises the following two Assignments of Error:

{¶9} "I. THE TRIAL COURT ERRED WHEN IT DISMISSED PLAINTIFF/ APPELLANT'S ATTESTED COMPLAINT IN DEPENDENCY AND NEGLECT.

{¶10} "II. THE STARK COUNTY JUVENILE COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW WHEN IT DISMISSED THE ATTESTED COMPLAINT IN DEPENDENCY AND NEGLECT BASED ON A FAILURE TO APPEAR, WHEN THE COURT HAD PROVIDED PLAINTIFF/APPELLANT NO

NOTICE OF HEARING UNTIL COUNSEL INQUIRED A FEW DAYS BEFORE THE SCHEDULED HEARING; WHEN THE COURT HAD LED PLAINTIFF/APPELLANT'S COUNSEL TO BELIEVE THAT A CONTINUANCE WOULD BE GRANTED; AND WHEN IT FAILED TO HEAR THE MOTION TO CONTINUE BEFORE DISMISSING THE OBJECTIONS FOR FAILURE TO APPEAR.

I.

{¶11} In her First Assignment of Error, appellant contends the juvenile court erred in dismissing her private-party action alleging dependency and neglect. We agree.

{¶12} R.C. 2151.27(A)(1) states in pertinent part as follows: "Subject to division (A)(2) of this section, *any person* having knowledge of a child who appears to have violated section 2151.87 of the Revised Code or to be a juvenile traffic offender or to be an unruly, abused, neglected, or dependent child may file a sworn complaint with respect to that child in the juvenile court of the county in which the child has a residence or legal settlement or in which the violation, unruliness, abuse, neglect, or dependency allegedly occurred. ***." (Emphasis added). See, also, Juv.R. 10(A).

{¶13} Thus, "a public or private party can initiate an action pursuant to R.C. 2151.27 to have a court determine whether a child is neglected." *In re Shepherd*, Highland App.No. 00CA12, 2001-Ohio-2499. Furthermore, because R.C. 2151.23(A)(1) grants the juvenile court exclusive jurisdiction over alleged delinquent, unruly, abused, neglected, or dependent children, "[t]he jurisdiction of the juvenile court is not proscribed in any degree by the fact that a domestic relations court elsewhere in

the state has continuing jurisdiction over the child pursuant to a divorce decree." *In the Matter of Jackson,* Huron App.No. H-78-6, 1978 WL 214915.

{¶14} We therefore hold the trial court's decision to sua sponte dismiss appellant's complaint alleging neglect and dependency regarding P.T. was erroneous as a matter of law. Appellant's First Assignment of Error is sustained.[1]

II.

{¶15} In her Second Assignment of Error, appellant contends the trial court abused its discretion in dismissing her objection to the decision of the magistrate for want of appearance. We agree.

{¶16} The grant or denial of a continuance is a matter entrusted to the broad, sound discretion of the trial court. *Polaris Ventures IV, Ltd. v. Silverman,* Delaware App.No. 2005 CAE 11 0080, 2006–Ohio–4138, ¶ 14, citing *State v. Unger* (1981), 67 Ohio St.2d 65, 423 N.E.2d 1078. In order to find an abuse of discretion, we must find the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶17} In determining whether a trial court abused its discretion in denying a motion for a continuance, an appellate court should consider the following factors: (1) the length of the delay requested; (2) whether other continuances have been requested and received; (3) the inconveniences to witnesses, opposing counsel and the court; (4)

---

[1]   This holding would not be applicable in the realm of permanent custody actions, as "permanent custody" is defined in R.C. 2151.011(B)(32) to mean a legal status that "vests *in a public children services agency or a private child placing agency*, all parental rights, duties, and obligations, including the right to consent to adoption, and divests the natural parents or adoptive parents of all parental rights, privileges, and obligations, including all residual rights and obligations." (Emphasis added.)

whether there is a legitimate reason for the continuance; (5) whether the defendant contributed to the circumstances giving rise to the need for the continuance; and other relevant factors, depending on the unique facts of each case. *Unger* at 67-68, 423 N.E.2d 1078; *State v. Holmes* (1987), 36 Ohio App.3d 44, 47-48, 521 N.E.2d 479.

**{¶18}** In the case sub judice, the record indicates that appellant and her counsel duly appeared before the court for the first objection hearing on July 6, 2011, at which time the matter was continued for purposes of perfecting notice of the proceeding upon appellee. At the rescheduled hearing on August 15, 2011, the trial court dismissed the objection without any reference to the existence of appellant's pending motion to continue the hearing, which was based on a reasonable assertion of a counsel's schedule conflict. We also must note that appellee herein has not filed a brief opposing this appeal. App.R. 18(C) states in pertinent part: "If an appellee fails to file his brief within the time provided by this rule, or within the time as extended, the appellee will not be heard at oral argument * * * and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

**{¶19}** Accordingly, we find an abuse of discretion under these circumstances in the denial of the motion to continue, and we therefore reverse and remand the issue of appellant's Civ.R. 53 objection to the trial court for a new hearing.[2]

**{¶20}** Appellant's Second Assignment of Error is sustained.

---

[2]   In so holding, we give no weight to appellant's claim that the trial court led her counsel to believe a continuance would be granted, as we find this to be based on documentation dehors the record.

{¶21} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby reversed and remanded.

By: Wise, J.

Farmer, P. J., and

Edwards, J., concur.

_____

_____

_____

JUDGES

JWW/d 0229

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| IN THE MATTER OF: | : | JUDGMENT ENTRY |
|---|---|---|
| | : | |
| | : | |
| P.T. | : | Case No. 2011 CA 00200 |


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.

Costs assessed to appellee.


_____

_____

_____

JUDGES