[Cite as *In re W.H.*, 2015-Ohio-4361.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF W.H., JR. | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | |
| | : | |
| | : | Case No. 2015CA00120 |
| | : | |
| | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of Common Pleas, Juvenile Division, Case No. 2014JCV00586


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      October 19, 2015


APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant L.P.

BRANDON J. WALTENBAUGH          ROBERT G. ABNEY
Stark County Department of              116 Cleveland Ave., NW
Job and Family Services                 Suite 500
300 Market Avenue, North             Canton, OH 44702
Canton, OH 44702

*Baldwin, J.*

{¶1} Appellant L.P. appeals a judgment of the Stark County Common Pleas Court, Juvenile Division, awarding appellee Stark County Department of Job and Family Services (SCDJFS) permanent custody of her minor child, W.H., Jr.

## STATEMENT OF FACTS AND CASE

{¶2} W.H., Jr. was born on June 15, 2014. On June 16, 2014, appellee filed a complaint alleging that the child was dependent, neglected, and abused and seeking temporary custody. The child was found to be dependent on July 9, 2014, and temporary custody was granted to appellee. On March 31, 2015, appellee filed a motion seeking permanent custody of the child.

{¶3} Appellant has a history of abusing cocaine, crack, and crystal meth. She was incarcerated in Florida from 2002-2007 for possession of crystal meth with intent to sell and deliver. She was arrested in 2012 for possession of drug paraphernalia, in 2014 for theft, and in 2015 for possession of drug paraphernalia, possession of dangerous drugs, possession of drug abuse instruments, and misuse of credit cards. She has been in and out of drug treatment from the age of 18, and was 37 years old at the time of the permanent custody hearing. During the pendency of the case, she tested positive for cocaine and other opiates twice, and refused drug screening numerous times.

{¶4} Appellant's case plan objectives included substance abuse treatment, parenting classes, and eventually obtaining stable housing and employment. Except for completing her initial substance abuse assessment with Quest, appellant did not

complete any other portion of the case plan. She did not follow up on the recommendations of Quest regarding treatment for substance abuse.

{¶5} She attended nine visits with the child. She did not visit from December 11, 2014, until May 28, 2015. During the first visit with the child, she was under the influence of drugs. She regularly arrived late to visits and left early, leaving the room multiple times during visits.

{¶6} Appellant was incarcerated from February of 2015 through May 13, 2015. When appellant was released from jail, she was placed on probation with Portage County and ordered to comply with drug treatment. She was living at the Quest Deliverance House, an inpatient drug treatment facility, at the time of the permanent custody hearing. She tested negative for drugs during the weeks between her placement at the facility and the hearing.

{¶7} Appellant's counselor at Quest testified at the hearing that appellant was doing well in the program. She testified that appellant had been compliant in treatment and receptive to counseling for codependency. The counselor testified that appellant was very insightful and wanted to remain sober.

{¶8} Appellant testified at the hearing and admitted to the problems in her past. She sought a six month extension of temporary custody. She was unable to attend Goodwill parenting until she had demonstrated sobriety for a requisite period of time. After her release from incarceration she scheduled an appointment with Northeast Ohio Behavioral Health for a parenting evaluation, as required by her case plan. She completed her first appointment and had scheduled her other appointments for after the permanent custody hearing, the earliest appointment available to her. She testified that

she had missed visits prior to her incarceration because there were warrants for her arrest. She testified that after she detoxed from heroin in jail, she knew that she wanted to have a better life and be a good mother.

{¶9} W.H. Jr., tested positive for opiates at birth. He went through withdrawal, causing problems with feeding, tremors, and difficulty swallowing. His head circumference was not normal size and not developing, and he had a cranial band placed on his head for three months. After the cranial band was removed, he had developmental problems related to his head circumference. In addition, he has a low white blood cell count, a compromised immune system, and the Hepatitis C virus in his system. The child has physical therapy several times a week and feeding therapy. He has been hospitalized numerous times. He has been in the same foster placement since birth.

{¶10} The trial court found that appellant had abandoned the child by virtue of lack of contact, lack of bonding, failure to support the child, and failure to attempt any form of reunification. The court further found that appellant could not remedy the problems leading to the removal of the child within a reasonable period of time. The court found it in the best interest of the child to grant permanent custody to appellee for purposes of adoption.

{¶11} Appellant assigns three errors:

{¶12} "I. THE TRIAL COURT ERRED WHEN IT DENIED PATERNAL GREAT GRANDMOTHER'S OBJECTION TO MAGISTRATE'S DECISION DENYING HER MOTION TO INTERVENE.

{¶13} "II.     THE TRIAL COURT ERRED IN GRANTING PERMANENT CUSTODY TO SCDJFS AND DENYING APPELLANT'S MOTION FOR AN EXTENSION OF TEMPORARY CUSTODY.

{¶14} "III.     THE TRIAL COURT ERRED IN GRANTING PERMANENT CUSTODY TO SCDJFS AS SCDJFS FAILED TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT IS [SIC] IN THE BEST INTERESTS OF THE MINOR CHILD TO GRANT PERMANENT CUSTODY AND SUCH DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I.

{¶15} In her first assignment of error, appellant argues that the court erred in denying the motion to intervene filed by the child's paternal great grandmother. Appellant lacks standing to raise this issue on appeal. *In re Warren*, 5th Dist. Stark No. 2007CA00054, 2007-Ohio-5703, ¶33, citing *In Re: Cunningham Children,* 5th Dist. Stark No. 2003CA00054, 2003-Ohio-2805.

{¶16} The first assignment of error is overruled.

II.

{¶17} In her second assignment of error, appellant argues that the court erred in granting permanent custody to appellee and denying her motion for an extension of temporary custody. She argues that given a six-month extension, she could have made substantial progress on her case plan, and that the evidence therefore does not support the court's finding that she would be unable to remedy the problems that led to the removal of the child within a reasonable time.

{¶18} A trial court's decision to grant permanent custody of a child must be supported by clear and convincing evidence. The Ohio Supreme Court has defined "clear and convincing evidence" as "[t]he measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty, as required beyond a reasonable doubt, as in criminal cases." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954); *In re: Adoption of Holcomb*, 18 Ohio St.3d 361, 481 N.E.2d 613 (1985).

{¶19} In reviewing whether the trial court based its decision upon clear and convincing evidence, "a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *State v. Schiebel*, 55 Ohio St.3d 71, 74, 564 N.E.2d 54, 60 (1990); See also, *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978). If the trial court's judgment is "supported by some competent, credible evidence going to all the essential elements of the case," a reviewing court may not reverse that judgment. *Schiebel,* 55 Ohio St.3d at 74, 564 N.E.2d 54.

{¶20} Moreover, "an appellate court should not substitute its judgment for that of the trial court when there exists competent and credible evidence supporting the findings of fact and conclusion of law." *Id.* Issues relating to the credibility of witnesses and the weight to be given the evidence are primarily for the trier of fact. As the court explained in *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984):

{¶21} "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."

{¶22} Moreover, deferring to the trial court on matters of credibility is "crucial in a child custody case, where there may be much evident in the parties' demeanor and attitude that does not translate to the record well." *Davis v. Flickinger*, 77 Ohio St.3d 415, 419, 674 N.E.2d 1159 (1997); see, also, *In re: Christian,* 4th Dist. Athens App. No. 04CA10, 2004-Ohio-3146; *In re: C. W.,* 2nd Dist. Montgomery App. No. 20140, 2004-Ohio-2040.

{¶23} Pursuant to 2151.414(B), the court may grant permanent custody of a child to the movant if the court determines "that it is in the best interest of the child to grant permanent custody to the agency that filed the motion for permanent custody and that any of the following apply:

{¶24} "(a) The child is not abandoned or orphaned, has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period, ... and the child cannot be placed with either of the child's parents within a reasonable period of time or should not be placed with the child's parents.* * *

{¶25} "(b) The child is abandoned."

{¶26} Revised Code 2151.414(E) sets forth the factors a trial court must consider in determining whether a child cannot or should not be placed with a parent within a reasonable time. If the court finds, by clear and convincing evidence, the

existence of any one of the following factors, "the court shall enter a finding that the child cannot be placed with [the] parent within a reasonable time or should not be placed with either parent":

{¶27} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parent to remedy the problem that initially caused the child to be placed outside the home, the parents have failed continuously and repeatedly to substantially remedy the conditions that caused the child to be placed outside the child's home. In determining whether the parents have substantially remedied the conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.* * *

{¶28} "(16) Any other factors the court considers relevant."

{¶29} Appellant has not challenged the finding that she abandoned the child, which is an independent basis for upholding the decision of the trial court. However, the court did not err in finding that the child could not be placed with appellant within a reasonable time.

{¶30} The evidence demonstrated that appellant had a longstanding substance abuse problem that began when she was 18 years old. Appellant was 37 years old at the time of trial. Before her incarceration in February of 2015, appellant failed to follow through with the recommendations stemming from her drug assessment, and failed to

complete any portion of her case plan. She visited the child nine times, often arriving late and walking out of visits.

{¶31} Appellant made progress in her drug treatment program during the weeks following her release from prison. However, appellant was living at Quest Deliverance House, an inpatient treatment program. While she started to work on her case plan, she could not enter the Goodwill Parenting program until she completed the Quest Deliverance program, which is a minimum of ninety days. At that time she would have outpatient aftercare, and the Goodwill program is ten weeks long. The caseworker testified that appellant could not complete those services within a six-month extension. Further, appellant would then have to obtain stable employment and housing to meet the objectives of the case plan before she could be reunified with the child. The court's finding that the child could not be placed with appellant within a reasonable period of time and that she failed to remedy the conditions leading to his removal is not against the manifest weight of the evidence.

{¶32} A trial court's decision to grant or deny an extension of temporary custody is a discretionary one. *In re C.G.,* 9th Dist. Summit Nos. 24099, 24097, 2008-Ohio-3773, ¶7. R.C. 2151.415(D)(1) authorizes the trial court to extend temporary custody for six months only if it finds, by clear and convincing evidence, that such an extension is in the best interest of the child and that "there has been significant progress on the case plan of the child, and there is reasonable cause to believe that the child will be reunified with one of the parents or otherwise permanently placed within the period of extension."

{¶33} The caseworker and guardian ad litem agreed that an extension would not be in the best interest of the child. Appellant started to work on her case plan; however, the caseworker testified that she could not complete the case plan and make the lifestyle changes necessary to provide a safe and stable home for the child within the period of the extension.

{¶34} Despite appellant's progress during the weeks following her release from prison and the permanent custody hearing, the court did not err in finding that the evidence demonstrated that the child could not be placed with her in a reasonable period of time, and did not err in denying her motion for a six-month extension of temporary custody.

{¶35} The second assignment of error is overruled.

III.

{¶36} In her third assignment of error, appellant argues that the court's finding that permanent custody was in the best interest of W.H., Jr. was against the manifest weight of the evidence.

{¶37} In determining the best interest of the child at a permanent custody hearing, R.C. 2151.414(D) mandates the trial court must consider all relevant factors, including, but not limited to, the following: (1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (2) the wishes of the child as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child; and (4) the

child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody.

{¶38} The evidence demonstrated that W.H., Jr. tested positive for opiates at birth. He went through withdrawal, causing problems with feeding, tremors, and difficulty swallowing. His head circumference was not normal size and not developing, and he had a cranial band placed on his head for three months. After the cranial band was removed, he had developmental problems related to his head circumference. In addition, he has a low white blood cell count, a compromised immune system, and the Hepatitis C virus in his system. The child has physical therapy several times a week and feeding therapy. He has been hospitalized numerous times. He has been in the same foster placement since birth, and was receiving excellent care through the services that were being provided him. According to the report of the guardian ad litem, the child was thriving in the foster home. The caseworker testified that the child was not strongly bonded to appellant, as she had only visited him nine times, spending less than twenty hours of time with him during the first year of his life.

{¶39} The trial court's finding that permanent custody was in the best interest of the child was not against the manifest weight of the evidence.

{¶40} The third assignment of error is overruled.

{¶41} The judgment of the Stark County Common Pleas Court, Juvenile Division, is affirmed.  Costs are assessed to appellant.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.