[Cite as *In re W.W.*, 2023-Ohio-4112.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


IN THE MATTER OF:

W.W.

JUDGES:
Hon. John W. Wise, P.J.
Hon. Patricia A. Delaney, J.
Hon. Craig R. Baldwin, J.

Case No. 2023 CA 00057

O P I N I O N


CHARACTER OF PROCEEDING:    Appeal from the Court of Common Pleas,
                           Juvenile Division, Case No.  F2020-0386


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    November 15, 2023


APPEARANCES:

For Appellant Mother

JERMAINE L. COLQUITT
33 West Main Street
Suite 109
Newark, Ohio  43055

For Appellee

JENNY WELLS
PROSECUTING ATTORNEY
KENNETH W. OSWALT
ASSISTANT PROSECUTOR
20 South Second Street, 4th Floor
Newark, Ohio  43055

*Wise, P. J.*

{¶1}　Appellant-Mother W.W. appeals the judgment of the Licking County Common Pleas Court, Juvenile Division, denying her motions for an extension and for a continuance in this permanent custody matter.

## STATEMENT OF THE FACTS AND CASE

{¶2}　For purposes of this appeal, a brief summary of the facts and procedural history is as follows:

{¶3}　Appellant-Mother W.W. is the biological parent of the minor child W.W., born November 2, 2020.

{¶4}　On November 4, 2020, an Emergency Ex Parte Order of Removal was issued, and the child was removed from his mother's custody.

{¶5}　On November 5, 2020, a Complaint was filed with Licking County Court of Common Pleas, Juvenile Division, alleging that W.W. was an abused and/or neglected child.

{¶6}　On January 6, 2021, W.W. was adjudicated to be an abused and dependent child and on January 26, 2021, was placed into the temporary custody of the Licking County Job and Family Services ("Agency").

{¶7}　On October 1, 2021, the Agency filed a Motion for Permanent Custody of W.W.

{¶8}　The motion was first set for hearing for January 6, 2022.　That hearing was continued to March 7, 2022 at Appellant-mother's request.

{¶9}　Shortly in advance of the March 7, 2022, hearing date, Appellant-mother filed a Motion for Custody of W.W. seeking to have the court grant her legal custody.

{¶10} On March 7, 2022, the matter was again continued at Appellant-mother's oral request to March 23, 2023. Ultimately, both the permanent custody and legal custody motions were set to proceed to hearing on March 23, 2022.

{¶11} At the beginning of the March 23, 2022, hearing, Appellant-mother requested a third continuance with the hope that the court would order a full home study related to a possible placement with a Jonathan Parrill, a former coworker of Appellant-mother, or alternatively grant an extension of the temporary custody so that Appellant-mother could complete her case plan. (T. at 5-9.)

{¶12} The magistrate declined to grant either a continuance or an extension and proceeded with the permanent custody hearing, which was recessed and thereafter concluded on March 31, 2022.

{¶13} On June 28, 2022, the Magistrate's Decision was filed wherein the Magistrate denied Appellant-mother's motion for legal custody, terminated Appellant-mother's parental rights, and granted permanent custody of W.W. to the Agency.

{¶14} By Judgment Entry filed June 28, 2022, the trial court adopted and approved the Magistrate's Decision.

{¶15} On July 12, 2022, Appellant-mother filed a "General Objections to the Magistrate's Decision" and a request for a transcript. Appellant-mother did not file any supplemental objections once a transcript was completed. The general objections were made "to all Statements of Facts and Conclusions of Law contained in the Magistrate's Decision ... ".

{¶16} By Judgment Entry filed July 5, 2022, the trial denied Appellant-mother's objections and sustained the Magistrate's grant of permanent custody of W.W. to the

Agency. In reviewing and ruling upon such objections, the trial court treated this general objection as an attack on the weight of the evidence.

{¶17} Appellant-mother now appeals, assigning the following errors for review:

ASSIGNMENTS OF ERROR

{¶18} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE APPELLANT'S REQUEST FOR AN EXTENSION.

{¶19} "II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE APPELLANT'S REQUEST FOR A CONTINUANCE."

{¶20} This cases come to us on the expedited calendar and shall be considered in compliance with App. R. 11.2(C).

**I.**

{¶21} In her first assignment of error, Appellant-mother argues that the trial court abused its discretion by denying her request for an extension of temporary custody. We disagree.

{¶22} "R.C. 2151.415(D)(1) authorizes the trial court to extend temporary custody for six months only if it finds, by clear and convincing evidence, that such an extension is in the best interest of the child and that 'there has been significant progress on the case plan of the child, and there is reasonable cause to believe that the child will be reunified with one of the parents or otherwise permanently placed within the period of extension.' " *In re W.H.*, 5th Dist. Stark No. 2015CA00120, 2015-Ohio-4361, ¶ 32.

{¶23} Normally, an appellate court reviews a trial court's decision of a motion to extend temporary custody for abuse of discretion. *In re E.T.*, 9th Dist. Summit No. 22720, 2005-Ohio-6087, ¶ 9. However, in this case Appellant failed to raise any objection to the

Magistrate's Decision specific to the denial of said motion. Rather, Appellant only filed a general objection to said Decision.

**{¶24}** Juvenile Rule 40 governs a magistrate's decision in juvenile-court proceedings. It provides that objections to a magistrate's decision "shall be specific and state with particularity all grounds for objection." Juv.R. 40(D)(3)(b)(ii). Juvenile Rule 40 also provides that "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b)." Juv.R. 40(D)(3)(b)(iv). "Courts have held that general objections do not meet [the Juv.R. 40(D)] standard." *Ramsey v. Ramsey,* 7th Dist. Jefferson No. 13 JE 17, 2014–Ohio–1227, ¶ 16 (citing cases). A general objection, then, that alleges no particular error is effectively no objection at all. *In re N.M.,* 2nd Dist. Montgomery No. 26469, 2015-Ohio-2180, ¶ 8.

**{¶25}** Therefore, we must apply plain-error review to Appellant-mother's challenge to the Magistrate's decision to deny the motion for extension. *Id. See also In re H.B.,* 2d Dist. Montgomery No. 21365, 2006–Ohio–2124, ¶ 13 (recognizing that the plain-error doctrine applies "in proceedings that involve parental rights. "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson,* 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus. After reviewing this matter, we find no plain error that would warrant a reversal of the trial court's decision.

**{¶26}** Upon review, we find that the record supports a conclusion that an extension of temporary custody would not be in the best interest of the child, that there had not been significant progress on the case plan, and that there was not reasonable cause to believe that the child would be reunified with Appellant-mother or otherwise permanently placed within the period of extension.

**{¶27}** Applying the plain-error standard of review, we cannot say the trial court erred in denying the motion for extension.

**{¶28}** Based on the testimony and evidence before the trial court, it found that the minor child, W.W., has been in the temporary custody of the Agency since he was two days old and with his foster family since he was ten days old. The trial court found that upon removal from his mother's care at two days old, he showed signs of withdrawal, including tremors and contractions. Additionally, he has been found to be developmentally below average and delayed in gross motor skills. He struggles with walking and is behind in speech. The court found that W.W. is bonded to his fostered parents and his three-year old foster brother. W.W.'s placement is a foster-to-adopt placement. The trial court further found that during the fifteen months W.W. has been in the temporary custody of the Agency, Appellant-mother has exhibited a lack of commitment to the child due to her inconsistent attendance at supervised visitation and lack of progress on her case plan.

**{¶29}** We note that Appellant-mother has not assigned as error any of the trial court's factual findings as to her progress on her case plan or the best interests of the child.

**{¶30}** Upon review, we find no error in the trial court's decision to deny Appellant-mother's motion for an extension of temporary custody. The evidence in this record

supports the juvenile court's denial of the motion for temporary extension. Appellant-mother did not make significant progress on her case plan, there was not reasonable cause to believe that Appellant-mother would be reunified with the child within the period of extension, and it was not in the best interests of the child for stability and permanency.

**{¶31}** Appellant-mother's first assignment of error is overruled.

**II.**

**{¶32}** In her second assignment of error, Appellant-mother argues that the Magistrate erred in denying her motion for continuance. We disagree.

**{¶33}** Juv.R. 23 provides, "Continuances shall be granted only when imperative to secure fair treatment for the parties." "The power of the trial court in a juvenile proceeding to grant or deny a continuance under Juv.R. 23 is quite broad and is reviewed under an abuse of discretion standard." *In re Jordan B.,* 6th Dist. Lucas No. L–06–1161, 2007–Ohio–2537, ¶ 16. An abuse of discretion connotes that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). *Matter of C.M.*, 5th Dist. Fairfield No. 2022 CA 00029, 2022-Ohio-4707, ¶ 35.

**{¶34}** The issue of a trial court's denial of a request for continuance in the context of permanent custody was addressed by this Court in *In the Matter of R.M., Jr.,* 5th Dist. Muskingum No. CT2017-0057, 2018-Ohio-395:

> We recognize that a parent has a fundamental liberty interest in the care, custody, and management of his or her child and an essential and basic civil right to raise his or her children. *In re Murray*, 52 Ohio St.3d 155, 156, 556 N.E.2d 1169 (1990). That right, however, is not absolute. "The

natural rights of a parent * * * are always subject to the ultimate welfare of the child, which is the polestar or controlling principle to be observed." *In re Cunningham*, 59 Ohio St.2d 100, 106, 391 N.E.2d 1034 (1979).

**{¶35}** To determine whether a trial court abused its discretion in denying a motion for a continuance, we consider the following factors: 1) the length of the delay requested; 2) whether other continuances have been requested and received; 3) the inconvenience to witnesses, opposing counsel, and the court; 4) whether there is a legitimate reason for the continuance; 5) whether the defendant contributed to the circumstances giving rise to the need for the continuance; and 6) other relevant factors, depending on the unique facts of each case. *In re P.T.*, 5th Dist. Stark No. 2011CA00200, 2012-Ohio-1287, ¶ 17, citing *State v. Unger* 67 Ohio St.2d 65, 67–68, 423 N.E.2d 1078 (1981); *State v. Holmes*, 36 Ohio App.3d 44, 47–48, 521 N.E.2d 479 (1987).

**{¶36}** Pursuant to R.C. §2151.414(A)(2), the juvenile court is required to hold the permanent custody hearing no later than 120 days after the Agency files its motion for permanent custody, "except that for good cause shown," the court may grant a reasonable continuance, and the court is to dispose of the motion for permanent custody no later than 200 days after the agency files its motion. Additionally, pursuant to Juv.R. 23, "[c]ontinuances shall be granted only when imperative to secure fair treatment for the parties."

**{¶37}** Here, the Agency filed its motion for permanent custody on October 1, 2021; therefore, the trial court was required to conduct a hearing on the motion no later than Monday, April 18, 2022. The trial court conducted the hearing on March 23, 2022. There

is no indication a continuance, which would have had to be less than 26 days (prior to April 18, 2022), would have resulted in a different outcome.

**{¶38}** Further, the reason given for the motion for continuance was to allow more time for a full home study of Mr. Parrill to determine if he would be suitable as a possible placement for the child. However, no reason was given as to why this was not or could not have been suggested earlier.

**{¶39}** As to such possible placement, we find Appellant-mother's reasons for asking for the continuance were entirely speculative. Whether the home study would have resulted in a favorable or unfavorable outcome is a matter of conjecture. Rather, based upon the initial home study and the testimony from Mr. Parrill himself at the hearing as to the lack of any relationship with W.W., and his prior domestic violence charges, we find it was unlikely that such placement would have been found to be in the best interest of the child.

**{¶40}** Additionally, the trial court had an interest in controlling its own docket and ensuring the prompt and efficient administration of justice. *See State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981). The trial court clearly felt that Mother was adequately represented by competent counsel, and that there was no reason to delay the hearings any further. Unquestionably, the rescheduling of the hearing for the third time, for something that could have taken place at any time earlier, would have involved some degree of inconvenience for the court and the witnesses.

**{¶41}** We therefore conclude that the trial court did not abuse its discretion in refusing to grant a continuance. The request was late, coming at the commencement of the hearing, and the proffered reason for the requested continuance involved an issue

that was fully explored during the hearing. Appellant-mother has not cited, nor can we find, any prejudice suffered because of the court's denial of the requested continuance.

**{¶42}** Appellant-mother's second assignment of error is overruled.

**{¶43}** The judgment of the Court of Common Pleas, Juvenile Division, Licking County, Ohio, is affirmed.

By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.

JWW/kw 1113