[Cite as *Stark Metro. Hous. Auth. v. Summers*, 2025-Ohio-2430.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STARK METROPOLITAN | : | JUDGES: | |
| HOUSING AUTHORITY | : | Hon. William B. Hoffman, P.J. | |
| | : | Hon. Kevin W. Popham, J. | |
| Plaintiff - Appellee | : | Hon. David M. Gormley, J. | |
| | : | | |
| -vs- | : | | |
| | : | | |
| ALEDA SUMMERS, et al. | : | Case No. 2024 CA 00138 | |
| | : | | |
| Defendants - Appellants | : | O P I N I O N | |

CHARACTER OF PROCEEDING:   Appeal from the Canton Municipal
Court, Case No. 2024 CVG 02770

JUDGMENT:   Affirmed

DATE OF JUDGMENT:   July 8, 2025

APPEARANCES:

For Plaintiff-Appellee

Jonathan E. Morris
116 Cleveland Avenue, N.W., Suite 418
Canton, Ohio 44702

For Defendant-Appellant

Aleda Summers

*Gormley, J.*

**{¶1}** In this eviction action, defendant Aleda Summers appeals a judgment of the Canton Municipal Court, which granted a writ of restitution in favor of her landlord, Stark Metropolitan Housing Authority ("SMHA"). Because Summers has not provided a transcript to us of the municipal-court proceedings, and because no errors are evident from the record before us, we affirm the judgment.

## Facts and Procedural History

**{¶2}** In September 2018, Summers (as the tenant) and SMHA (as the landlord) entered into a written lease agreement for the rental of an apartment in the Stark County village of Waynesburg, Ohio. The terms of that lease agreement set Summers's monthly rent at $727. Summers — when she signed the lease — qualified for an income-based rental-assistance program funded by the United States Department of Housing and Urban Development ("HUD"). Summers enrolled in that program, and her monthly rent was reduced to $214.

**{¶3}** In early 2023, a dispute arose between Summers and SMHA over what is described in correspondence between them as a housekeeping issue. SMHA then received no rent payments from Summers between June and December 2023.

**{¶4}** In September 2023, while their dispute over the housekeeping issue continued, SMHA and Summers entered into a new lease agreement. The revised lease agreement again set Summers's monthly rent at $727, and it again included provisions that would allow her to pay an income-adjusted monthly rent of $214. SMHA alleges, though, that it soon discovered that Summers's income had increased that year, so she

no longer qualified for rental assistance for the 2023-2024 lease term.  SMHA, therefore, required Summers to pay the full monthly rent for that term.

{¶5}    After Summers's monthly payment date came and went in December 2023 with no payment being made by her, SMHA served Summers with a notice-of-termination-of-lease letter.  The following month, SMHA served Summers with a three-day notice directing her to vacate the apartment.  Summers, however, did not leave the apartment, so — in May 2024 — SMHA initiated eviction proceedings in the Canton Municipal Court.

{¶6}    An eviction hearing was scheduled in the case in June 2024.  One day before the hearing date, Summers filed a request for a delay.  The trial court denied that request, though, so the hearing took place as scheduled.  At the hearing, a magistrate found that Summers had violated her lease by not paying rent, and the magistrate ordered that possession of the apartment be returned to SMHA.  Summers filed objections to that magistrate's ruling, but those objections were overruled by the trial judge.  Summers now appeals.

## The Trial Court Did Not Abuse Its Discretion When It Denied Summers's Continuance Request

{¶7}    In her first assignment of error, Summers argues that an abuse of discretion occurred when the trial court denied her motion for a continuance of the eviction hearing.  Summers claims that she sought the delay so that she could speak with an attorney from a community legal-aid organization.

{¶8}    A decision to grant or deny a motion for a continuance will not be reversed absent an abuse of discretion.  *Minnier v. Gotschall*, 2017-Ohio-8476, ¶ 9 (5th Dist.).  "An appellate court should consider the following factors in determining whether a trial court abused its discretion in denying a motion for continuance: '(1) the length of the delay

requested; (2) whether other continuances have been requested and received; (3) the inconveniences to witnesses, opposing counsel and the court; (4) whether there is a legitimate reason for the continuance; (5) whether the defendant contributed to the circumstances giving rise to the need for the continuance; and [(6)] other relevant factors, depending on the unique facts of each case.'" *Miller v. Miller*, 2025-Ohio-1923, ¶ 31 (5th Dist.), quoting *In re P.T.*, 2012-Ohio-1287, ¶ 17 (5th Dist.).

**{¶9}** The record here reflects that Summers filed her motion for a continuance one day before the eviction hearing, even though a notice about that hearing date was delivered to Summers four months earlier. And in her continuance request, Summers acknowledged that she had not, before seeking the delay, contacted opposing counsel about her need for additional time.

**{¶10}** We conclude that no abuse of discretion occurred when the trial court denied Summers's continuance motion. *See Cuyahoga River Assoc. Ltd. Partnership v. MJK Corp.*, 1996 WL 17292, *3 (8th Dist. Jan. 18, 1996) (denial of a last-minute motion for a continuance in forcible-entry-and-detainer action was not an abuse of discretion); *Unique Realty Consultants v. Lowe*, 2001 WL 99445, *2 (5th Dist. Jan. 30, 2001) (no abuse of discretion occurred when a motion for a continuance that was filed the day before trial was denied, given that the parties seeking the delay in order to consult with counsel had known about the hearing for more than two months). *See also State ex rel. GMS Mgt. Co., Inc. v. Callahan*, 45 Ohio St.3d 51, 55 (1989) (emphasizing "the summary nature of forcible entry and detainer proceedings").

**{¶11}** Summers's first assignment of error is overruled.

## Summers Cannot Demonstrate That She Received Insufficient Notice

**{¶12}** In her second assignment of error, Summers argues that the trial court erred by accepting into evidence the notice-of-termination letter that SMHA sent to Summers. That letter, she argues, was insufficient because it allegedly did not inform her of her right to prepare and present a defense at the eviction hearing.

**{¶13}** The record here contains a copy of the three-day notice that was provided to Summers. That notice indicates that the reason for Summers's eviction was the non-payment of rent, and it states — in conspicuous text — that "[y]ou are being asked to leave the premises. If you do not leave, an eviction action may be initiated against you. If you are in doubt regarding your legal rights and obligations as a tenant, it is recommended that you seek legal assistance." This letter, Summers argues, lacked a right-to-present-a-defense notice that she alleges is required under federal law in notice-of-termination letters that are sent to tenants who live in HUD-subsidized housing.

**{¶14}** Summers draws our attention to 24 C.F.R. 247.4(a), which states that notice-of-termination letters that are sent to certain HUD-subsidized tenants must "(1) [s]tate that the tenancy is terminated on a date specified therein; (2) state the reasons for the landlord's action with enough specificity so as to enable the tenant to prepare a defense; (3) advise the tenant that if he or she remains in the leased unit on the date specified for termination, the landlord may seek to enforce the termination only by bringing a judicial action, at which time the tenant may present a defense."

**{¶15}** Even if Summers were able to show that that particular provision of the Code of Federal Regulations applied to her lease, the record before us shows that she was in fact notified of her right to present a defense at her eviction hearing. A copy of the

lease agreement between Summers and SMHA is attached to the complaint. That lease states, in section 14, that if SMHA issues "the Ohio 3-day notice (Ohio Revised Code 1923) for recovery of the possession of the premises," Summers "shall be given the opportunity to contest the termination in the court proceedings." We note, too, that Summers — in her motion for a continuance — stated that "[she] would like to consult an attorney." That request indicates to us that Summers was aware that she had the right to present a defense at the eviction hearing.

**{¶16}** Moreover, at least one other Ohio appellate court has found that a landlord's failure to strictly comply with the right-to-present-a-defense notice requirement of 24 C.F.R. 247.4(a) — assuming that that provision applies to the unspecified type of federally subsidized rental property where Summers lived — does not preclude an eviction if the tenant was not prejudiced by the missing language. *See Real Properties Services Mgt. v. Harigle*, 1997 WL 430773, *3 (3d Dist. July 30, 1997) ("we cannot say under the circumstances of this case that there was any prejudice to appellants resulting from appellee's failure to strictly comply with" 24 C.F.R. 247.4(a) because, though notice of a right to defend was not included in the termination letter, appellants were still aware of their right to present a defense).

**{¶17}** We conclude that Summers received adequate notice of her right to present a defense at her eviction hearing, and we overrule her second assignment of error.

**Without a Transcript of the Lower-Court Proceeding, We Must Affirm**

**{¶18}** Summers raises two additional assignments of error in her appeal. Those alleged errors, however, cannot be resolved without reference to the record from the trial court below.

**{¶19}** Summers was required to provide a transcript of the lower-court proceedings because she "bears the burden of showing error by reference to matters in the record." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings[] and affirm." *Id.*

**{¶20}** The record from the trial court has been transmitted to this court. That record contains a printout of the docket as well as copies of each filing from the parties and from the trial court, but it does not contain a transcript of the eviction hearing or any of the exhibits that were introduced at that hearing.

### A. Summers Cannot Demonstrate that the Writ of Restitution Lacked Good Cause

**{¶21}** In her third assignment of error, Summers argues that the trial court had no good cause to grant the eviction order sought by SMHA.

**{¶22}** In support of her position, she cites several cases for the proposition that, in rare circumstances, the nonpayment of rent does not automatically give a landlord good cause to terminate a lease and evict a HUD-subsidized tenant. *See, e.g., Cincinnati Metro. Housing Auth. v. Green*, 41 Ohio App.3d 365 (1st Dist. 1987), paragraph one of the syllabus (a HUD-subsidized tenant may avoid eviction for nonpayment of rent where "the nonpayment was due to circumstances beyond the tenant's control, . . . the tenant promptly informed the landlord of the circumstances[,] and . . . the tenant made diligent effort[s] to pay").

**{¶23}** Summers's argument that hers was one of those rare cases in which the nonpayment of rent ought not to have led to an eviction turns on facts that are not evident from the record before us. The allegations that are contained in Summers's brief are not part of the record. *See State ex rel. McDougald v. Green*, 2020-Ohio-5100, ¶ 22 ("Allegations in a complaint and merit brief are not evidence."). *See also State v. Bell*, 1995 WL 386470, *5 (6th Dist. June 30, 1995), quoting *State v. Harding*, 1993 WL 312905, *1 (3d Dist. Aug. 19, 1993) ("'The statements of facts and of evidence by parties and counsel set forth in or appended to appellate briefs are not part of the official record, are not evidence, and, unless they portray evidence shown by the official record, we may not consider them in deciding the appeal.'").

**{¶24}** The portion of the record that would be necessary for us to reach the merits of Summers's argument is not here. Because she cannot — from the record before us — show that her eviction lacked good cause, we overrule her third assignment of error.

**B. Summers Cannot Demonstrate that the Trial Court Lacked Jurisdiction**

**{¶25}** In her final assignment of error, Summers argues that the Canton Municipal Court lacked jurisdiction to hold an eviction hearing because SMHA's complaint was filed more than 45 days after the three-day notice-to-vacate was served.

**{¶26}** Summers alleges that "the Canton Municipal Clerk of Courts has a policy of rejecting complaints submitted more than 45 days after the service of a 3-day notice." Because SMHA filed its eviction complaint at the municipal court four months after serving Summers with a copy of the R.C. 1923.04 three-day notice, Summers claims that the municipal court had no jurisdiction to hear this case.

{¶27} No policy of the type described by Summers is in the record before us. Moreover, "a governmental agency's internal policies are not law." *Albright, ex rel. Albright v. Univ. of Toledo*, 2001 WL 1084461, *8 (10th Dist. Sept. 18, 2001).

{¶28} Whatever the local clerk's policies might be surrounding evictions, the record indicates that the trial court accepted SMHA's complaint when it was filed, and that court then granted a judgment on that complaint in SMHA's favor.

{¶29} Nothing in the record before us supports Summers's final assignment of error, and we therefore overrule it.

{¶30} The judgment of the trial court is affirmed.


By: Gormley, J.

Hoffman, P.J. and

Popham, J. concur.